UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOUEMMA CROMITY,**

        **Plaintiff,**

v.                                       **Case No: 6:22-cv-924-CEM-EJK**

**CITY OF ORLANDO,**

        **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Amended Motion for Taxation of Costs ("Motion"), filed August 7, 2024. (Doc. 59.) Upon consideration, I respectfully recommend that the Motion be granted in part.

### I. BACKGROUND

On May 19, 2022, Louemma Cromity ("Plaintiff") instituted this action against the City of Orlando ("Defendant"), asserting claims for race discrimination, disparate treatment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Sta. § 760.01 ("FCRA"). (Doc. 1.) On July 5, 2023, Defendant moved for summary judgment on all three counts of the Complaint. (Doc. 21.) On November 15, 2023, the Court granted Defendant's Motion for Summary Judgment. (Doc. 49.) Plaintiff appealed (Doc. 53), and the United States Court of Appeals for the Eleventh Circuit subsequently affirmed the Court's decision (Doc. 57).

On August 7, 2024, Defendant filed the instant Motion, seeking to recover $6,520.25 in costs. (Doc. 59.) Included with the Motion is Defendant's proposed bill of costs as well as invoices in support of the requested costs. (Docs. 59 at 9–10; 51-1.) Plaintiff timely filed a response in opposition to the Motion, contesting the recoverability of certain costs in the amount of $3,239.80. (Doc. 62 at 4–5.) The Motion is now ripe for review.

## II.    STANDARD

According to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and the losing party must rebut that presumption. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Moreover, Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987). Section 1920 lists the taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444–45. Absent statutory or contractual language to the contrary, however, courts are bound by the limitations set forth in § 1920. *See id.* at 445. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

## III.   DISCUSSION

### A. Deposition Costs

Defendant seeks to tax $6,005.55 in costs incurred for printed or electronically recorded transcripts necessarily obtained for use in this case. (Doc. 59 at 9.) Plaintiff challenges $2,724.80 of these costs. (Doc. 62 at 4–5.) First, Plaintiff challenges $98.50 in costs for deposition exhibits for the following deponents: Lynne Banks ($34.50), Kevin Edmonds ($16.25), and David Billingsley ($7.75). (*Id.* at 7.) Plaintiff also challenges Kevin Edmonds's read and sign fee ($20.00) and Defendant's ancillary deposition costs incurred for non-parties Michelle McCrimmon [1] and Kevin

---

[1] In her Response, Plaintiff represents she is challenging $20.00 in costs incurred for

Edmonds. (*Id.*) Next, Plaintiff seeks to deduct $2,626.30 for the following costs associated with taking Plaintiff's deposition: videography of the deposition ($1,705.00), deposition video pages ($162.75), a non-color copy of the deposition exhibits ($167.05), a color copy of the deposition exhibits ($7.50), a rough draft of the deposition transcript ($434.00), the condensed deposition transcript ($20.00), read and sign fees ($30.00), handling and processing fees ($45.00), and the litigation technology, support, and security package ($55.00). (*Id.* at 4.)

    1. <u>Non-Party Depositions</u>

Photocopies of exhibits about which a deponent testifies may aid in understanding the testimony and may therefore be allowed as "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4) (quoted); *see also Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1298–99 (M.D. Ala. 2012) (cited with approval in *Lankhorst v. Indep. Sav. Plan Co.*, No. 3:11-cv-390-J-34JRK, 2015 WL 5724369 at *12 n.8 (M.D. Fla. Sept. 28, 2015)). Plaintiff argues that the Court should decline to award Defendant the costs incurred for copies of the exhibits from the non-party witnesses' depositions because Defendant did not provide a reason why those exhibits were necessarily obtained for use in the case. (Doc. 62 at 6.) The undersigned agrees with Plaintiff. Defendant did not provide any information in the Motion (Doc. 59) demonstrating that the costs

---

retrieving exhibits related to Michelle McCrimmon's deposition. (Doc. 62 at 4.) However, a review of the Defendant's submitted invoice shows the $20.00 was a read and sign fee, not for exhibits. (Doc. 51-1 at 14.)

incurred for the non-party witness deposition exhibits "were made for anything more than the convenience of counsel." *See Thayer v. Randy Marion Chevrolet Buick Cadillac, LLC*, No. 6:19-CV-784-GAP-LRH, 2021 WL 4994033, at *9 (M.D. Fla. Oct. 4, 2021) (quoting *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)), *report and recommendation adopted*, 2021 WL 4991525 (M.D. Fla. Oct. 27, 2021). Therefore, I recommend that the Court decline to award the $58.50 in costs incurred for the deposition exhibits of the following deponents: Lynne Banks ($34.50), Kevin Edmonds ($16.25), and David Billingsley ($7.75).

Next, Plaintiff challenges $40.00 in costs Defendant incurred in read and sign fees for non-parties Michelle McCrimmon's ($20.00) and Kevin Edmonds's depositions ($20.00). (Doc. 62 at 4.) The Court agrees. Defendant neither explains what read and sign fees are and why they were necessarily obtained for use in the case, nor cites any case law supporting the taxing of such costs. Therefore, I recommend that the Court decline to award Defendant the requested $40.00 in costs.

   2. Plaintiff's Deposition

Plaintiff challenges the videography fees ($1,705.00) and video page fees ($162.75) arising out of Defendant's videotaping Plaintiff's deposition. (*Id.* at 4–5.) Defendant argues that these costs should be awarded because Plaintiff did not object to Defendant's notice of taking Plaintiff's deposition by video and because the video was necessary for Defendant's preparation for trial in the event summary judgment failed. (Doc. 59 at 4.) Plaintiff argues that the video was not necessary for Defendant's trial preparation because Defendant did not present any evidence that Plaintiff would

be unavailable to give live testimony at trial, and since she is the plaintiff, her live testimony at trial would be required to prove her case. (Doc. 62 at 8.)

"The costs of a video deposition may be taxed under section 1920(2) if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party to the method of recording pursuant to Federal Rule of Civil Procedure 26(c)." *Ferguson*, 2007 WL 601921 at *3 (citing *Morrison v. Reichhold Chems. Inc.*, 97 F.3d 460, 464–65 (11th Cir. 1996)). "However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case." *Id*.

Plaintiff does not deny that she did not object when Defendant noticed Plaintiff's deposition to be video recorded. (Doc. 62 at 7.) Instead, she argues that the Court should reject as inadequate Defendant's explanation that the video was necessary for Defendant's preparation for trial in the event summary judgment failed. (*Id.* at 8.) The undersigned agrees with Plaintiff. Defendant does not justify its belief that Plaintiff would have been unavailable as a witness at trial. *See TMH Med. Servs. v. Nat'l Union Fire Ins. Co. of Pittsburg*, No. 6:17-cv-920-Orl-37DCI, 2020 WL 5984040, at *3 (M.D. Fla. Sept. 22, 2020) (denying videography costs incurred by defendant in videotaping plaintiff's counsel's deposition when counsel "surely would have been available as a witness at trial, even if doing so precluded her participation as trial counsel"), *report and recommendation adopted*, 2020 WL 5982555 (M.D. Fla. Oct. 8, 2020). Therefore, I recommend that the Court decline to award Defendant $1,867.75

in costs incurred from videography fees ($1,705.00) and video page fees ($162.75) arising out of videotaping Plaintiff's deposition.

Next, Plaintiff challenges costs Defendant incurred in retrieving a non-color copy ($167.05) and a color copy ($7.50) of the deposition exhibits from Plaintiff's deposition. (Doc. 62 at 4–5.) Defendant, as the deposing party, does not provide any information in the Motion demonstrating that the copies of the deposition transcript exhibits "were made for anything more than the convenience of counsel," since Defendant provided the exhibits used during the deposition. (Doc. 59 at 3–5); *see Thayer*, 2021 WL 4994033, at *9. Further, Defendant neither explains what read and sign fees are and why they were necessarily obtained for use in the case, nor cites any case law supporting the taxing of such costs. Therefore, I recommend that the Court decline to award Defendant $204.55 in costs incurred from retrieving a non-color copy ($167.05) and a color copy ($7.50) of the deposition exhibits used during Plaintiff's deposition, as well as the read and sign fees ($30.00).

Finally, Plaintiff challenges $584.00 in costs Defendants incurred for a rough draft of Plaintiff's deposition transcript ($434.00), the condensed deposition transcript ($20.00), handling and processing fees ($45.00), and the litigation technology, support, and security package ($55.00). (Doc. 62 at 4–5.) As previously noted, Plaintiff concedes that a copy of Plaintiff's depositions was necessary for defendant to obtain summary judgment, and one copy of the transcript is taxable. (*Id.* at 5.) But the remaining costs that Defendant seeks are non-taxable. *See McCullars v. Maloy*, No. 6:17-cv-1587-Orl-40GJK, 2020 WL 5822154, at *3 (holding that rough and condensed

drafts of deposition transcripts, handling and processing fees, and litigation packages are non-recoverable deposition costs), *report and recommendation adopted*, 2020 WL 5822103 (M.D. Fla. Sept. 28, 2020). Therefore, I recommend that the Court decline to award Defendant $554.00 in costs incurred for a rough draft of Plaintiff's deposition transcript ($434.00), the condensed deposition transcript ($20.00), handling and processing fees ($45.00), and the litigation technology, support, and security package ($55.00).

In total, I recommend that the Court award Defendant $3,280.75 in costs incurred for fees for printed or electronically recorded transcripts necessarily obtained for use in this case. This amount is comprised of the $6,005.55 Defendant originally requested minus the following non-taxable costs: videography of the Plaintiff's deposition ($1,705.00), deposition video pages ($162.75), a non-color copy of Plaintiff's deposition exhibits ($167.05), a color copy of Plaintiff's deposition exhibits ($7.50), a rough draft of Plaintiff's deposition transcript ($434.00), Plaintiff's condensed deposition transcript ($20.00), handling and processing fees ($45.00), and litigation tech, support & security package ($55.00), read and sign fees ($70.00), and non-party witness deposition exhibits ($58.50).

### B. Subpoenas

Defendant also seeks $515.00 in costs incurred from serving subpoenas duces tecum. (Doc. 59 at 6.) Plaintiff challenges the entirety of the $515.00 amount sought. (Doc. 62 at 9.) Plaintiff argues that these subpoenas were not reasonably necessary for the case because Defendant did not cite any documents obtained from these subpoenas

and did not reference any of these employers in its summary judgment motion. (*Id.*) Defendant responds that these subpoenas were necessary for the case because (1) documents obtained from Plaintiff's subsequent employers informed Defendant's mitigation defenses concerning Plaintiff's damages, and (2) documents obtained from Plaintiff's prior employers provided information about Plaintiff's past job performance that were relevant to Plaintiff's employment-based claims. (Doc. 59 at 6.) Plaintiff counters that damages and mitigation are not summary judgment issues; alternatively, the Court should limit the amount to $65.00, which is the current statutory rate charged by the U.S. Marshals Service to effectuate service of process. (Doc. 62 at 9); *See* 28 C.F.R. § 0.114(a)(3).

Fees for serving subpoenas are recoverable costs under 28 U.S.C. § 1920(1). *Maronda Homes v. Progressive Express Ins. Co.*, No. 6:14-cv-1287-Orl-31TBS, 2015 U.S. Dist. LEXIS 144889 at *4 (M.D. Fla. Oct. 8, 2015) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). The mere fact that the records obtained from subpoenas were not used in support of summary judgment does not prevent the recovery of their associated costs. *See Andrews v. Marshall*, No. 2:16-cv-814-SPC-MRM, 2021 WL 2117912 at *3 (M.D. Fla. May 6, 2021) (finding that defendant was entitled to recover the costs of subpoenas sent for evidence related to an issue of the case but not ultimately used in defendant's summary judgment motion), *report and recommendation adopted*, 2021 WL 2106515 (M.D. Fla. May 25, 2021). Based on the representations of Defendant, the undersigned finds that the subpoena costs are taxable. However, the undersigned agrees with Plaintiff that the Court should limit

these taxable costs to the $65.00 statutory rate charged by the U.S. Marshals Service. *See United States EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921," pertaining to fees charged by the U.S. Marshals Service). The U.S. Marshals Service currently charges $65.00 for personal service of process. 28 C.F.R. § 0.114(a)(3).

Defendant seeks the following service fees that exceed the statutorily authorized amount for service: a $70.00 service fee for the subpoena duces tecum issued to Pinellas Suncoast Transit Authority, a $80.00 service fee for the subpoena duces tecum issued to Orange County Public Schools, a $80.00 service fee for the subpoena duces tecum issued to CiNQ Recruitment, and a $125.00 service fee for subpoenas duces tecum issued to Bristol Myers Squibb. (Doc. 59 at 6.) These rates, in total, exceed the statutory rate by $95.00. Defendant also seeks the following service fees that do not exceed the statutorily authorized amount for service: a $40.00 service fee for the subpoena duces tecum issued to Orlando Utilities Commission, a $40.00 service fee for the subpoena duces tecum issued to Central Florida Regional Transit Authority, a $40.00 service fee for the subpoena duces tecum issued to City of Casselberry, and a $40.00 service fee for the subpoena duces tecum issued to Orlando Health. (*Id.*) Accordingly, I recommend that the Court award Defendant $420.00 in costs for service of subpoenas. This amount is comprised of the $515.00 Defendant requested minus $95.00 for the four service rates that exceed the $65.00 statutory rate.

### C. Post-Judgment Interest

Defendant contends it is entitled to an award of post-judgment interest on all of its taxable costs. (*Id.* at 6.) Plaintiff does not oppose this request in her Response. (Doc. 62.) Under 28 U.S.C. § 1961, courts allow interest on money judgments in civil cases. And, "[w]ithout question, interest on taxable costs accrues from the date of the original damages judgment." *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 803 (11th Cir. 2012). Therefore, Defendant should be awarded post-judgment interest on its award of taxable costs from November 15, 2023, the date the Court granted summary judgment in this case.

### IV.   RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT IN PART** Defendant's Amended Motion to Tax Costs Against Plaintiff (Doc. 59) as follows:

1. **AWARD** Defendant total costs in the amount of $3,700.75 ($3,280.75 in costs for printed or electronically recorded transcripts necessarily obtained and $420.00 in costs for service of subpoenas), plus post-judgment interest beginning from November 15, 2023.

2. Otherwise, **DENY** the Motion.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 30, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE